UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP HONG,<br><br>     Petitioner,<br><br>v.<br><br>DAVID E. ORTIZ,<br><br>     Respondent. | Civil Action No. 20-2841 (RBK)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 3). For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

In 2019, Petitioner pleaded guilty to one count of receipt of child pornography under 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). (*United States v. Hong*, Crim. No. 18-10212, (D. Mass.), ECF No. 49). Thereafter, the United States District Court for the District of Massachusetts sentenced Petitioner to, among other things, 60 months in prison. (*Id*.). The remaining procedural history is unclear, but it appears that Petitioner has never filed a direct appeal or a motion under 28 U.S.C. § 2255.

On March 16, 2020, Petitioner filed his initial petition in this case, and the Court terminated the matter for Petitioner's failure to use the proper form. (ECF No. 2). Petitioner filed the instant Petition on the proper form on May 29, 2020, arguing that his sentencing court did not have

jurisdiction to sentence him because 18 U.S.C. § 3231,[1] "was NEVER . . . signed into ANY Public Law." (ECF No. 3, at 8).

## II.   STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.   DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

---

[1] That statute provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

3

Here, Petitioner fails to allege facts sufficient to bring his conviction within the Dorsainvil exception. Petitioner does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. Rather, he is challenging the jurisdiction of his sentencing court.

As a general matter, however, sentencing courts can entertain challenges to their jurisdiction. 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that *the court was without jurisdiction to impose such sentence*." (emphasis added)); *see, e.g.*, *Robinson v. Ortiz*, No. 18-859, 2018 WL 1942518, at *3 (D.N.J. Apr. 25, 2018); *Taillon v. Wigen*, No. 14-0176, 2015 WL 13035060, at *3 (W.D. Pa. Jan. 20, 2015) (finding that a lack of subject matter jurisdiction claim "is precisely the type that must be brought in a § 2255 motion before the district court that sentenced him.").

As a result, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction and sentence.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As it appears that Petitioner has not yet filed a § 2255 motion, he could theoretically pursue his claim through a § 2255 motion with his sentencing court.

This Court finds that it is not in the interest of justice to transfer the Petition. As mentioned above, Petitioner contends that "due to supposed irregularities in its enactment, 18 U.S.C. § 3231—the statute providing the [sentencing] Court with subject-matter jurisdiction—is void, and that the [sentencing] Court therefore lack[ed] jurisdiction over his criminal action." *In re Moleski*, 546 F. App'x 78, 78–79 (3d Cir. 2013).

Petitioner is not the first prisoner to pursue this "quixotic" claim, and it has been "firmly denied by every court to address it." *Id*. at 79; *see also Buford v. Lewisburg*, 588 F. App'x 89, 90 (3d Cir. 2014). Indeed, the Third Circuit has described the argument as "unbelievably frivolous." *E.g.*, *Moleski*, 546 F. App'x at 79 (quoting *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007)); *United States v. States*, 242 F. App'x 362, 363 (7th Cir. 2007) (rejecting the § 3231 jurisdiction claim and setting forth the entirety of the Court's decision as, "This case is unbelievably frivolous. We AFFIRM.").

Consequently, because the Petition is frivolous, the Court will not transfer this matter to the District of Massachusetts.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.


DATED: October 2, 2020                        s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge

5